IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| NEIGHBORS LEGACY HOLDINGS, INC., | § § | CASE NO. 18-33836-H1-11 (Chapter 11) |
| Debtor. | § | |
| MARK SHAPIRO, TRUSTEE OF THE UNSECURED CREDITOR TRUST OF NEIGHBORS LEGACY HOLDINGS, INC. AND ITS DEBTOR AFFILIATES | § § § § § | ADV. P. NO._____ |
| *Plaintiff* | § § | |
| VS. | § § § | |
| ZENITH REAL ESTATE MANAGEMENT, INC. | § § § | |
| *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE: COMES NOW, PLAINTIFF MARK SHAPIRO, TRUSTEE OF THE UNSECURED CREDITOR TRUST OF NEIGHBORS LEGACY HOLDINGS, INC. AND ITS DEBTOR AFFILIATES and files this Original Complaint, and for cause of action would show as follows:

## I.
### Jurisdiction and Venue

1. This adversary proceeding is commenced in accordance with Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

2. This Court has subject-matter jurisdiction over this over this action pursuant to 28 U.S.C. §1334(b) because this adversary proceeding arises in, arises under, and/or relates to the Neighbors Debtor Entities chapter 11 case(s).

3. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. §157(b)(2).

4. Pursuant to Federal Rule of Bankruptcy Procedure 7008, the Unsecured Creditor Trustee consents to entry of a final order or judgment by the Bankruptcy Court in this matter.

5. Venue is proper in this district under 28 U.S.C. §1409(a). This adversary proceeding is related to a bankruptcy case under Chapter 11 of the Bankruptcy Code that is pending in this district as consolidated case number 18-33836.

6. The statutory basis for this complaint is §§547 of the Bankruptcy Code.

## II.
## Parties

7. Plaintiff Mark Shapiro, Trustee of the Unsecured Creditor Trust ("Unsecured Creditor Trustee"), brings this action on behalf of the Unsecured Creditor Trust created as a part of the Confirmation Order approving the *First Amended Joint Plan of Liquidation of Neighbors Legacy Holdings, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (the "Plan").

8. Defendant Zenith Real Estate Management Group, Inc. is a Texas corporation and may be served through its Registered Agent Ayman Nasser at 2900 Wilcrest Drive, Suite 100, Houston, Texas 77042.

## III.
## Background Facts

9. On July 12, 2018 (the "Petition Date"), the Neighbors Defendants and certain other affiliates[1] (collectively, the "Neighbors Debtor Entities") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Neighbors Debtor Entities include Neighbors Legacy Holdings, Inc., Neighbors Global Holdings, LLC, Neighbors Health, LLC, NEC Bellaire Emergency Center, LP, NEC Kingwood Emergency Center, LP, NEC Baytown Emergency Center, LP, NEC Pasadena Emergency Center, LP, NEC Pearland Emergency Center, LP, NEC Lakeline Emergency Center, LP, NEC Beaumont Emergency Center, LP, NEC Mueller Emergency Center, LP, NEC Yorktown Emergency Center, LP, NEC Crosby Emergency Center, LP, NEC Orange Emergency Center, LP, NEC Midland Emergency Center, NEC Zaragoza Emergency Center, LP, NEC Tyler Emergency Center, LP, NEC Eastside Emergency Center, LP, NEC Port Arthur Emergency Center, LP, NEC Texas City Emergency Center, LP, NEC Odessa Emergency Center, LP, NEC Harlingen Emergency Center, LP, NEC Amarillo Emergency Center, LP, NEC Porter Emergency Center, LP, NEC Brownsville Emergency Center, LP, NEC McAllen Emergency Center, LP, NEC Wichita Falls Emergency Center, LP, NEC Longview Emergency Center, LP, NEC Texarkana Emergency Center, LP, NEC San Angelo Emergency Center, LP, NEC College Station Emergency Center, LP, NEC Lufkin Emergency Center, LP, NEC West Warwick Emergency Center, LP, NEC Lubbock Emergency Center, LP, NEC Greeley Emergency Center, LP, Next Door Urgent Care, LLC, NEC Paris Emergency Center, LP, NEC Kerrville Emergency Center, LP, NEC Amarillo South Emergency Center, LP, EDMG, LLC, Neighbors Emergency Center, LLC, Neighbors GP, LLC, Neighbors Physician Group, PLLC, Neighbors Practice Management, LLC, Neighbors Physician Group – Colorado, LLC, NEC Pharr Emergency Center, LP, NEC Kingwood Asset Holdings, LLC, NEC Baytown Asset Holdings, LLC, NEC Pearland Asset Holdings, LLC, NEC Beaumont Asset Holdings, LLC.

10. On March 22, 2019, the Court entered an Order (the "Confirmation Order") confirming the *First Amended Joint Plan of Liquidation of Neighbors Legacy Holdings, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (the "Plan").

11. The Confirmation Order and Plan, among other things, approved the formation of the Unsecured Creditor Trust on the effective date of the Plan, which occurred on April 8, 2019 (the "Effective Date") and the appointment of the Unsecured Creditor Trustee to administer the Unsecured Creditor Trust.

12. Pursuant to the Plan, the Unsecured Creditor Trust is charged with maximizing value for the benefits of its beneficiaries. As a part of the Plan, the Neighbors Debtor Entities retained certain causes of action, including those asserted in this matter.[2] Those Retained Causes of Actions were then subsequently assigned to the Unsecured Creditor Trust as a part of the establishment of the trust.[3]

13. Accordingly, the Unsecured Creditor Trustee now brings the claims asserted below and would show the Court the following:

      **B.**      **Neighbors Emergency Centers Preference Action**

14. The Neighbors Debtor Entities are a group of entities that that owned and operated freestanding emergency centers in and around the State of Texas.

15. Starting in 2014, Neighbors undertook a massive expansion campaign fueled by debt. Initially, this expansion was funded by a $31 million debt transaction with BBVA Compass in 2014, which was later increased to $50 million. By the end of 2015, Neighbors had opened eighteen locations.

---

[2] *See* the Plan at Cause No. 18-33836, Docket No. 854 at ¶123.
[3] *See* Unsecured Creditor Trust Agreement at Cause No. 18-33836, Docket No. 802-2 at p. 5.

16. To further fuel Neighbors' expansion vision, it also obtained a $150 million term loan from a syndicate led by Key Bank in late 2015. By the end of 2016, Neighbors had continued its massive expansion plans, having opened a total of thirty-two locations.

17. Defendants received a payment of $183,643.00 on June 26, 2018 for rent from the Neighbors Debtor Entities, and then an additional payment of $183,643.00 for rent on June 30, 2018. This transfer was given to the benefit of Defendants for a debt owed by the Neighbors Debtor Entities and was within 90 days of the Neighbors Debtor Entities filing the bankruptcy petition.

## IV.
## Claims and Cause of Action
### Recovery of Preference Pursuant to 11 U.S.C. §§547

18. The Unsecured Creditor Trustee repeats and re-alleges the above paragraphs as if fully set forth herein. The Unsecured Creditor Trustee seeks to avoid the second transfer of $183,643.00 as a preference in violation of 11 U.S.C. § 547(b).

19. The Neighbors Debtor Entities made the Transfers to or for the benefit of the Defendants on account of a debt owed by the Neighbors Debtor Entities. Specifically, the cash from Neighbors Debtor Entities bank account was sent directly to the Defendant. The payments were made to the Defendant within 90 days of the filing of the bankruptcy petition, and Defendants received two rental payments in the same month, each for $183,643.00. Based on available previous records, the regular monthly payment to Defendants was $183,643.00, indicating that the second payment is a voidable preference as it was not made in the ordinary course.

20. Therefore, the Transfers are avoidable as a preference under 11 U.S.C. § 547.

## V.
## Prayer

**WHEREFORE**, the Unsecured Creditor Trustee demands judgment against the Defendants:

A. Determining that the transfers are avoidable as preference under 11 U.S.C. § 547.

B. Directing the Defendants to pay the Unsecured Creditor Trustee the value of the preference in the amount determined at trial, but not less than the amount set forth above, plus interest and costs of suit under 11 U.S.C. §550(a).

C. For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**WALSTON BOWLIN, LLP**

*/s/ Clifford H. Walston*
CLIFFORD WALSTON
cliff@walstonbowlin.com
State Bar No. 24037666
4299 San Felipe Street, Suite 300
Houston, Texas 77027
(713) 300-8700
(713) 583-5020 Fax
**ATTORNEY FOR PLAINTIFF**